# NO. 12-15-00188-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KIRSCHEN LEMOND CROSS,* *APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Kirschen Lemond Cross appeals his conviction for intoxication assault. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant filed a pro se brief. We affirm.

## BACKGROUND

Appellant was charged by indictment with the offense of intoxication assault, a third degree felony. The indictment also included an allegation that Appellant used or exhibited a deadly weapon, a motor vehicle, during the commission of or immediate flight from the offense. Further, the indictment included two felony enhancement paragraphs. Appellant pleaded "not guilty" to the charged offense and "untrue" to the deadly weapon allegation. The case proceeded to a jury trial. At the conclusion of the trial, the jury found Appellant guilty of intoxication assault as charged in the indictment, and made an affirmative finding that Appellant used or exhibited a deadly weapon, a motor vehicle, during the commission of or immediate flight from the offense. During the punishment trial, Appellant pleaded "true" to the enhancement

paragraphs. Consequently, the jury found both enhancement paragraphs to be "true," and assessed Appellant's punishment at life imprisonment.[1] This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. From our review of counsel's brief, it is apparent that counsel is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case, and further states that counsel is unable to raise any arguable issues for appeal.

In Appellant's pro se brief, he argues that the State's attorney improperly vouched for and bolstered its "client," the victim, and made opinionated statements that were "outrageous and offensive." He contends that the State's attorney labeled him as a "drunk" or "drunkard" during the State's argument on punishment, thus allowing a prejudiced and preconceived idea of his character. Further, Appellant argues that his trial counsel rendered ineffective assistance because he failed to obtain a witness for Appellant, the passenger in his motor vehicle, and failed to object to the State's attorney's "misconduct" of vouching for and bolstering its "client," the victim.

We have reviewed the record for reversible error and have found none. *See **Bledsoe v. State***, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

## CONCLUSION

As required, Appellant's counsel has moved for leave to withdraw in the case. *See **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); ***Stafford v. State***, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We agree with Appellant's counsel that the appeal is wholly frivolous. Accordingly, we grant counsel's motion for leave to withdraw, and affirm the trial court's judgment. *See* TEX. R. APP. P. 43.2.

---

[1] If it is shown on the trial of a felony offense other than a state jail felony that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment for life or for any term of not more than ninety-nine years or less than twenty-five years. *See* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2015).

Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. *See In re Schulman*, 252 S.W.3d at 408 n.22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the day the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; *In re Schulman*, 252 S.W.3d at 408 n.22.

Opinion delivered July 20, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 20, 2016

NO. 12-15-00188-CR

**KIRSCHEN LEMOND CROSS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court
of Smith County, Texas (Tr.Ct.No. 241-1642-14)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*